UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T. A., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>PETALUMA CITY SCHOOLS, et al.,<br><br>   Defendants. | Case No. 22-cv-06593-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 103, 105, 106 |

  The plaintiffs have brought state law claims against four of their teammates on the high school football team alleging that the teammates verbally and physically assaulted them over several months while they waited for football practice to begin. The plaintiffs have also alleged federal constitutional and Title IX violations by Petaluma City Schools for its alleged failure to prevent the harassment and to provide a safe and equal learning environment. Two of the teammates—J.J. and K.G.—move to dismiss the claims against them. Their parents are also named as defendants, and they join in the motion. Because the plaintiffs have failed to state claims against J.J. and K.G. for sexual battery, gender violence, or aiding and abetting, and because the Court declines to exercise supplemental jurisdiction over the remaining state law claims, the motions are granted.

  While the plaintiffs describe multiple instances of sexual assault and battery by the two teammates who have not filed motions to dismiss, there is only one specific factual allegation against J.J. and K.G. The allegation describes an altercation where J.J. and K.G. repeatedly kicked and slapped one of the plaintiffs while calling him a bitch. Although this is enough to sustain a claim for assault and battery, the allegations do not describe any sexually offensive

contact with either an intimate part of the plaintiff's body or by use of an intimate part of the defendant's body. Thus, the plaintiffs have failed to state a claim for sexual battery against J.J. and K.G. *See* Cal. Civ. Code § 1708.5(a). Likewise, the allegations do not support a claim for gender violence against these defendants as there was no alleged "physical invasion of a sexual nature." Cal. Civ. Code § 52.4(c)(2). Nor is the fact that the defendants called the plaintiff a bitch enough to plausibly allege the physical force was based "on the gender of the victim." Cal. Civ. Code § 52.4(c)(1).

As for the aiding and abetting claim, the plaintiffs allege all four defendants "acted in concert" and "were well aware of the actions of the others" because each altercation occurred on the football field in the half hour before practice started. But being in the same place and being aware of another party committing a tort is not enough to sustain an aiding and abetting claim. *See Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1325-26 (1996) ("Mere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting."). Nor are there any other specific allegations describing how the conduct of J.J. and K.G. was "in concert" with the conduct of the other two players.

As for the remaining claims against J.J., K.G., and their parents, the Court has the discretion to exercise supplemental jurisdiction so long as the claims "derive from a common nucleus of operative fact" and "considerations of judicial economy, convenience and fairness to litigants" favor one judicial proceeding. *See* 28 U.S.C. § 1367; *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173-74 (9th Cir. 2002). Here, whether to exercise supplemental jurisdiction is a tough decision. On the one hand, discovery for J.J. and K.G.'s alleged assault and battery will overlap with discovery on the claims against the other defendants, as the incidents all occurred in the same place at a similar time of the day. And it would not be surprising if discovery revealed that J.J. and K.G. were indeed acting in concert with the other two players. On the other hand, federal jurisdiction is based on the claims seeking to hold Petaluma City Schools liable for the alleged sexual violence and gender discrimination against the plaintiffs. It makes sense to keep the state law claims against the non-moving teammate defendants, because they are accused of

engaging in the very conduct that Petaluma City Schools allegedly failed to stop. But the plaintiffs' failure to adequately allege claims for sexual battery or gender violence against J.J. and K.G. means that, at this time, the connection between the federal claims against Petaluma City Schools and the state claims against these defendants is more attenuated. Moreover, there is a real question as to the fairness of forcing these defendants to litigate the assault and battery claim in conjunction with the more serious and factually complicated claims asserted against Petaluma City Schools and the other teammate defendants.

The plaintiffs have now been given multiple chances to state claims for sexual battery, gender violence, and aiding and abetting against J.J. and K.G. Although perhaps the plaintiffs could eventually succeed in alleging such claims, the claims relating to J.J. and K.G. have now been tied up in the pleading stage for a considerable period. As a result, even if the plaintiffs could successfully amend the complaint, the Court would decline to exercise supplemental jurisdiction over any state law claims against J.J. and K.G. on the ground that the case will have gotten too far along to support the exercise of supplemental jurisdiction by the time yet another motion to dismiss can be adjudicated. Accordingly, dismissal of the claims against J.J., K.G., and their parents is without leave to amend in this Court, but without prejudice to refiling them in state court.

**IT IS SO ORDERED.**

Dated: December 15, 2023

VINCE CHHABRIA
United States District Judge